**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

BUG ART LIMITED,

                Plaintiff,

       v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

                Defendants.

Case No. 26-cv-01897

**Judge Elaine E. Bucklo**

**Magistrate Judge Daniel P. McLaughlin**

## DEFAULT JUDGMENT ORDER

This action having been commenced by Plaintiff BUG ART LIMITED ("Bug Art" or "Plaintiff") against the defendants identified on First Amended Schedule A, and using the Online Marketplace Accounts identified on First Amended Schedule A (collectively, the "Defendant Internet Stores"), and Bug Art having moved for entry of Default and Default Judgment against the defendants identified on First Amended Schedule A attached hereto which have not yet been dismissed from this case (collectively, "Defaulting Defendants");

This Court having entered a preliminary injunction; Bug Art having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication or e-mail, along with any notice that Defaulting Defendants received from payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered or appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Bug Art has provided a basis to conclude that Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing versions of Bug Art's federally registered copyrights, which are protected by United State Copyright Registration Nos. VA 2-395-101; VA 2-395-109; VA 2-395-094; VA 2-392-462; VA 2-390-852; VA 2-395-108; and VA 2-392-463 (the "Bug Art Works") to residents of Illinois. In this case, Bug Art has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can purchase products using infringing versions of the Bug Art Works. *See* Docket No. [17], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing, and able to ship its unauthorized goods to customers in Illinois bearing infringing versions of the Bug Art Works.

This Court further finds that Defaulting Defendants are liable for willful federal copyright infringement (17 U.S.C. § 504).

Accordingly, this Court orders that Bug Art's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendants are deemed in default, and that this Default Judgment is entered against Defaulting Defendants.

This Court further orders that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

   a. using the Bug Art Works or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Bug Art product or not authorized by Bug Art to be sold in connection with the Bug Art Works;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Bug Art product or any other product produced by Bug Art, that is not Art's or not produced under the authorization, control, or supervision of Bug Art and approved by Bug Art for sale under the Bug Art Works;

   c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Bug Art, or are sponsored by, approved by, or otherwise connected with Bug Art; and

   d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Bug Art, nor authorized by Bug Art to be sold or offered for sale, and which bear any of Bug Art's copyrights, including the Bug Art Works, or any reproductions, infringing copies or colorable imitations.

2. Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Defendant Internet Stores, including, without limitation, any online

marketplace platforms such as Amazon Payments, Inc. ("Amazon"), Temu, LLC ("Temu"), Walmart Inc. ("Walmart), and PayPal, Inc. ("PayPal") (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell infringing goods using the Bug Art Works; and

b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Bug Art Works or any reproductions, infringing copies, or colorable imitations thereof that is not a genuine Bug Art product or not authorized by Bug Art to be sold in connection with the Bug Art Works.

3. Upon Bug Art's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 2, shall, within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of infringing goods using the Bug Art Works.

4. Pursuant to 17 U.S.C. § 504(c)(2), Bug Art is awarded statutory damages from each of the Defaulting Defendants in the amount of five thousand dollars ($5,000) for willful use of infringing Bug Art Works on products sold through at least the Defendant Internet Stores.

5. Any Third Party Providers holding funds for Defaulting Defendants, including Amazon, PayPal, Temu, and Walmart, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the

4

Defendant Internet Stores from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 4 above) or other of Defaulting Defendants' assets.

6. All monies (up to the amount of the statutory damages awarded in Paragraph 4 above) currently restrained in Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as Amazon, PayPal, Temu, and Walmart, are hereby released to Bug Art as partial payment of the above-identified damages, and Third Party Providers, including Amazon, PayPal, Temu, and Walmart, are ordered to release to Bug Art the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

7. Until Bug Art has recovered full payment of monies owed to it by any Defaulting Defendant, Bug Art shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

8. In the event that Bug Art identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, Bug Art may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by e-mail at the e-mail addresses identified in Exhibit 2 to the Declaration of Jane Crowther and any e-mail addresses provided for Defaulting Defendants by third parties.

9. The ten thousand U.S. dollars ($10,000) surety bond posted by Bug Art is hereby released to Bug Art or Plaintiff's counsel, Jiang IP LLC, 33 West Jackson Boulevard, #2W, Chicago, Illinois, 60604. The Clerk of the Court is directed to return the surety bond previously deposited with the Clerk of the Court to Bug Art or Plaintiff's counsel.

This is a Default Judgment.

Dated: 5/28/2026

5

Elaine E. Bucklo
United States District Judge

**First Amended Schedule A**

| No. | Defendants |
| --- | --- |
| 1 | Xipitvl |
| 2 | |
| 3 | Fitolos Direct |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | liqiping*19 |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | KohonStore |
| 16 | JohnBussissy |
| 17 | zhiuen |
| 18 | KKKll |
| 19 | 东机电子店 |
| 20 | chenzhoushibeihuqumanying |
| 21 | |
| 22 | |
| 23 | HOLATOK(10-15Days) |
| 24 | 湖易汇鑫跨境电商有限公司 |
| 25 | |
| 26 | SJJQUM Co.Ltd |
| 27 | anshiyu |
| 28 | |
| 29 | UXUNFORIA |
| 30 | prodpdiy |
| 31 | coodeals |
| 32 | fanwells |
| 33 | handdeals |
| 34 | wonderclosets |
| 35 | |
| 36 | |
| 37 | streetsangels |
| 38 | vaatemuoti |

| 39 | |
| 40 | |
| 41 | trendivaatteet |
| 42 | babyanimal.shop |
| 43 | |